UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 13-11700-RGS

HENRY IBANEZ

v.

EDWARD J. DOLAN,
COMMISIONER OF PROBATION

MEMORANDUM AND ORDER ON PETITION
FOR WRIT OF HABEAS CORPUS

May 25, 2016

STEARNS, D.J.

The Petition, as originally filed by Henry Ibanez on July 16, 2013, challenged on Second Amendment grounds the requirement of Mass. Gen. Laws, ch. 278, § 7, that a person charged with the illegal possession of a firearm produce "some evidence" at trial that he is licensed to do so, or suffer an adverse inference to the contrary. *See Commonwealth v. Jones*, 372 Mass. 403, 409 (1977); *Commonwealth v. Powell*, 459 Mass. 572, 582 (2011). Ibanez argued that the section 7 presumption amounted to an unconstitutional shifting of the burden of proof by failing to treat the absence of a license to carry firearms as an element of the offense (rather than as an affirmative defense). On January 8, 2014, Magistrate Judge Collings stayed

further proceedings on the petition after a hearing at which the court and the parties recognized that the same legal issue was pending before the First Circuit in the case of *Powell v. Tompkins*.

*Powell* was eventually decided adversely on the law against Petitioner. *See id.*, 783 F.3d 332 (1st Cir. 2015).  On July 22, 2015, this court stayed further proceedings pending the outcome of a petition for writ of certiorari filed by Powell in the Supreme Court.  On March 23, 2016, the Respondent moved to lift the stay, the Supreme Court having denied the writ.

Ordinarily, that would have ended the matter.  However, on April 13, 2016, Petitioner filed a Supplemental Memorandum with this court suggesting that a very recent Supreme Court decision could be read to expand the Second Amendment right to possess firearms in defense of "hearth and home" that the Court had recognized in *District of Columbia v. Heller*, 554 U.S. 570, 579 (2008).[1]  *See Caetano v. Massachusetts*, 136 S. Ct. 1027 (2016) (vacating *Commonwealth v. Caetano*, 470 Mass. 774 (2015), and dismissing the Supreme Judicial Court's holding that the possession of stun guns is not protected by the Second Amendment because stun guns

---

[1] Petitioner alleges that *Caetano* in some fashion might protect his right to the unlicensed possession of a firearm in an automobile that he regarded as the equivalent of his home.

2

were not in common use at the time of the Amendment's adoption as inconsistent with the holding of *Heller*).

Defining the contours of the right to possess a firearm outside of the home is a work in progress. This court, for example, has previously held that a Massachusetts citizen without a firearms license, *who nonetheless has been issued a valid Firearm Identification Card*, has the right to transport an otherwise legally possessed firearm outside of his or her home for purposes of target practice. *See Wesson v. Town of Salisbury,* 13 F. Supp. 3d 171, 178 (D. Mass. 2014) (ordering the defendant Chiefs of Police "to give prompt consideration to any application of plaintiffs for the necessary and/or licenses to maintain firearms for self-defense in their homes and, subject to such reasonable restrictions as the licensing authorities may decide to impose, to transport them to lawful locations for the purposes of practice shooting.").

This, however, is a habeas case. Under 28 U.S.C. §2254, "a federal court may not issue a habeas petition 'with respect to any claim that was adjudicated on the merits in State court proceedings' unless the state court decision: 1) 'was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the

United States;' or 2) 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *McCambridge v. Hall,* 303 F.3d 24, 34 (1st Cir. 2002), quoting 28 U.S.C. § 2254(d) (Supp. II 1996). A decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-413 (2000). A decision represents an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. The focus in determining "clearly established federal law" is the time of the last adjudication on the merits in state court, and not at the point at which the petitioner's conviction became final. *Greene v. Fisher*, 132 S. Ct. 38, 44-45 (2011).

The Massachusetts Appeals Court rejected Petitioner's claim on its merits in an unpublished opinion issued in March of 2012. *Commonwealth v. Ibanez*, 81 Mass. App. Ct. 1121 (2012). On May 3, 2012, the Supreme Judicial Court denied Petitioner's ALOFAR. It stands to reason that the

Massachusetts appellate courts could not have misapplied a clearly established Supreme Court precedent that was some four years from the making.[2]  Nor, as the Supreme Court has cautioned, is section 2254 an invitation to lower courts to deviate from existing law by inventing new constitutional rules or embroidering on old ones.  *White v. Woodall*, 134 S. Ct. 1697, 1706 (2014) ("'[I]f a habeas court must extend a rationale before it can apply to the facts at hand,' then by definition the rationale was not 'clearly established at the time of the state-court decision.'" *Yarborough v. Alvarado,* 541 U.S. 652, 666 (2004).  Consequently, Ibanez's Petition must be denied.[3] Any request for the issuance of a Certificate of Appealability

---

[2] The First Circuit Court of Appeals has made clear that Supreme Court precedent is not retroactively applied unless the Court orders it so.  *See Cirilo-Muñoz v. United States,* 404 F.3d 527 (1st Cir. 2005) (holding petitions under 28 U.S.C. § 2255 unavailable to advance *Booker* claims in the absence of a Supreme Court decision rendering *Booker* retroactive).  *See also United States v. Fraser*, 407 F.3d 9, 11 (2005) (if a mandate could be recalled based merely on a subsequently decided case, it would "provide an avenue to escape the restrictions Congress has imposed on habeas review.").

[3] The prospective merits of Petitioner's argument, in any event, are not promising. As Justice Scalia cautioned in *Heller*, "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms." *Id.* at 626-627.  Echoing *Heller*, Justice Alito in *McDonald v. City of Chicago*, 561 U.S. 742 (2010), repeated the "assurances" that the Court's

pursuant to 28 U.S.C. § 2253 is DENIED, the court seeing no meritorious or substantial basis supporting an appeal. The Clerk is instructed to close the case.

                                            SO ORDERED.

                                            /s/ Richard G. Stearns
                                            _____
                                            UNITED STATES DISTRICT JUDGE

---

Second Amendment rulings were not intended to cast doubt on laws regulating the commercial sale of firearms or their possession by felons and the mentally ill, or the carrying of firearms in "sensitive" places. "Despite municipal respondents' doomsday proclamations, incorporation does not imperil every law regulating firearms." *Id.* at 786. *See also Chardin v. Police Comm'r of Boston*, 465 Mass. 314, 327 (2013) (rejecting a Second Amendment challenge based on *McDonald* and *Heller* to the state firearms licensing scheme and its disqualifications); *Commonwealth v. Perez*, 80 Mass. App. Ct. 271, 282 (2011) (noting that both *Heller* and *McDonald* expressly affirmed the right of States to regulate the possession of firearms outside the home with "appropriate licensing requirements"); *Powell*, 783 F.3d at 347-348 (same); *Woollard v. Gallagher*, 712 F.3d 865, 876 (4th Cir. 2013) (same); *Kachalsky v. Cty. of Westchester*, 701 F.3d 81, 94, 98 (2d Cir. 2012) (same).